UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MELANIE MUHLSTOCK, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>- vs -<br><br>NATIONWIDE CREDIT & COLLECTION, INC.,<br><br>Defendant. | Docket No. :2:17-cv-06553-SJF-GRB<br><br>**DEFENDANT NATIONWIDE CREDIT & COLLECTION, INC.'S ANSWER AND AFFIRMATIVE DEFENSES** |

Defendant Nationwide Credit & Collection, Inc. ("Nationwide"), by and through its undersigned counsel, in response to Plaintiff's Complaint ("Complaint"), states as follows:

## INTRODUCTION

1. Admits only that the Complaint purports to allege a violation of the TCPA, but denies that Nationwide violated the TCPA. To the extent that the allegations contained in paragraph 1 of the Complaint infer the existence of facts supporting a claim for relief against Nationwide, they are denied.

## JURISDICTION AND VENUE

2. The allegations contained in paragraph 2 of the Complaint purport to state conclusions of law which do not require a response. To the extent these allegations infer the existence of facts supporting a claim for relief against Nationwide, they are denied.

3. The allegations contained in paragraph 3 of the Complaint purport to state conclusions of law which do not require a response. To the extent these allegations infer the existence of facts supporting a claim for relief against Nationwide, they are denied.

4.   Admits only that Defendant's business includes collection of unpaid, outstanding account balances that are due to its clients and that from time to time it will communicate with individuals who have mailing addresses and/or telephone numbers in the State of New York.

## PARTIES

5.   Nationwide lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.

6.   Nationwide lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

7.   Admits that it maintains an office in Oak Brook, Illinois. Answering further, states that the remaining allegations contained in paragraph 7 of the Complaint purport to state conclusions of law which do not require a response.

8.   The allegations contained in paragraph 8 of the Complaint purport to state conclusions of law which do not require a response. To the extent these allegations infer the existence of facts supporting a claim for relief against Nationwide, they are denied.

## ALLEGATIONS COMMON TO ALL CLAIMS

9.   Nationwide lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

10.   Nationwide lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.

11.   Nationwide lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint.

12.   Admits only that 1-888-296-9476 is registered to Defendant.

13.   Admits only that 1-888-296-9476 is registered to Defendant.

301061348v1 1004817

14. Admits only that 1-888-296-9476 is registered to Defendant, denies the remaining allegations contained in paragraph 14 and states that Defendant makes no calls from that number.

15. Admits only that 1-888-418-6702 is registered to Defendant.

16. Admits only that 1-888-418-6702 is registered to Defendant.

17. Admits only that 1-888-418-6702 is registered to Defendant, denies the remaining allegations contained in paragraph 17 and states that Defendant makes no calls from that number.

18. Denies the allegations contained in paragraph 18 of the Complaint.

19. Denies the allegations contained in paragraph 19 of the Complaint.

20. The allegations contained in paragraph 20 of the Complaint reference a message that speaks for itself and Nationwide respectfully refers the court to the message for its factual or legal import, if any. To the extent these allegations infer the existence of facts supporting a claim for relief against Nationwide, they are denied.

21. The allegations contained in paragraph 21 of the Complaint reference a message that speaks for itself and Nationwide respectfully refers the court to the message for its factual or legal import, if any. To the extent these allegations infer the existence of facts supporting a claim for relief against Nationwide, they are denied.

22. The allegations contained in paragraph 22 of the Complaint purport to state conclusions of law which do not require a response. To the extent these allegations infer the existence of facts supporting a claim for relief against Nationwide, they are denied.

23. Denies the allegations contained in paragraph 23 of the Complaint and denies that any telephone calls were made.

24. Denies the allegations contained in paragraph 24 of the Complaint.

301061348v1 1004817

25. The allegations contained in paragraph 25 of the Complaint reference a message that speaks for itself and Nationwide respectfully refers the court to the message for its factual or legal import, if any. Further Nationwide denies that any telephone calls were made. To the extent these allegations infer the existence of facts supporting a claim for relief against Nationwide, they are denied.

26. Denies the allegations contained in paragraph 26 of the Complaint.

27. The allegations contained in paragraph 27 of the Complaint reference a message that speaks for itself and Nationwide respectfully refers the court to the message for its factual or legal import, if any. Further Nationwide denies that any telephone calls were made. To the extent these allegations infer the existence of facts supporting a claim for relief against Nationwide, they are denied.

28. Nationwide lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint and denies that any telephone calls were made.

29. Denies the allegations contained in paragraph 29 of the Complaint.

30. Denies the allegations contained in paragraph 30 of the Complaint.

31. Denies the allegations contained in paragraph 31 of the Complaint.

32. Denies the allegations contained in paragraph 32 of the Complaint.

33. Denies the allegations contained in paragraph 33 of the Complaint.

34. Denies the allegations contained in paragraph 34 of the Complaint.

35. Denies the allegations contained in paragraph 35 of the Complaint.

36. Nationwide lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint.

301061348v1 1004817

37. Denies the allegations contained in paragraph 37 of the Complaint.

38. Nationwide lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint.

## CLASS ALLEGATIONS

39. Nationwide denies that it violated the law in any way and that this lawsuit is appropriate for class treatment. Further the allegations in paragraph 39 of the Complaint are precatory in nature and do not require a response. To the extent these allegations infer the existence of facts supporting a claim for relief against Nationwide, they are denied.

40. Nationwide denies that it violated the law in any way and this lawsuit is appropriate for class treatment. Further the allegations in paragraph 40 of the Complaint are precatory in nature and do not require a response. To the extent these allegations infer the existence of facts supporting a claim for relief against Nationwide, they are denied.

41. Nationwide denies that it violated the law in any way and that this lawsuit is appropriate for class treatment. Further the allegations in paragraph 41 of the Complaint are precatory in nature and do not require a response. To the extent these allegations infer the existence of facts supporting a claim for relief against Nationwide, they are denied. Answering further, alleges that the class claims are insufficient.

42. Nationwide denies that it violated the law in any way and that this lawsuit is appropriate for class treatment. Further the allegations in paragraph 42 of the Complaint are precatory in nature and do not require a response. To the extent these allegations infer the existence of facts supporting a claim for relief against Nationwide, they are denied. Answering further, alleges that the class claims are insufficient.

301061348v1 1004817

43. Nationwide denies that it violated the law in anyway and that this lawsuit is appropriate for class treatment. Further the allegations in paragraph 43 of the Complaint are precatory in nature and do not require a response. To the extent these allegations infer the existence of facts supporting a claim for relief against Nationwide, they are denied. Answering further, alleges that the class claims are insufficient.

44. Nationwide denies that this lawsuit is appropriate for class treatment. Further the allegations in paragraph 44 of the Complaint are precatory in nature and do not require a response. To the extent these allegations infer the existence of facts supporting a claim for relief against Nationwide, they are denied. Answering further, alleges that the class claims are insufficient.

## JURY DEMAND

45. Admits that Plaintiff has made a jury demand.

## PRAYER FOR RELIEF

46. Nationwide denies that Plaintiff is entitled to the relief sought in the WHEREFORE clause, and each subpart thereto, of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because they fail to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Upon information and belief, plaintiff and/or each member of the putative class may be contractually obligated to arbitrate any dispute, claim or controversy which arises out of the subject matter set forth in the instant litigation.

301061348v1 1004817

### THIRD AFFIRMATIVE DEFENSE

Upon information and belief, plaintiff and/or each member of the putative class may have waived the right to proceed on a class basis and/or participate in a group action.

### FOURTH AFFIRMATIVE DEFENSE

Nationwide established and implemented, with due care, reasonable practices and procedures to effectively prevent violations of the TCPA. Any purported violation of these laws, which Nationwide denies occurred, was unintentional, and occurred despite procedures reasonably adapted and maintained to avoid such error.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff and/or each member of the putative class provided prior express consent to telephone him/her at the number provided.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's and/or each member of the putative class' claims are barred or diminished due to plaintiff's failure to mitigate damages.

### SEVENTH AFFIRMATIVE DEFENSE

To the extent that any violation of the TCPA occurred, which defendant denies, it resulted from good faith reliance upon incorrect information offered by other persons or entities other than an agent, servant or employee of defendant. *See Chyba v. First Financial Asset Management*, (S.D. Cal. 2013); *Danehy v. Time Warner Cable Enterprise, LLC*, 2015 WL 5534285 (E.D.N.C. 2015).

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff and/or each member of the putative class lacks Article III standing because they are unable to demonstrate any actual injury. *Spokeo, Inc. v. Robins*, No. 13-1339 (S.Ct. 2016).

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff and/or each member of the putative class lacks standing to assert claims under the TCPA.

**TENTH AFFIRMATIVE DEFENSE**

The TCPA violates the United States Constitution's First Amendment's Free Speech Clause, is unconstitutionally overbroad, and is unconstitutionally vague and ambiguous in contravention of the Fifth and Fourteenth Amendment's Due Process Clauses.

**ELEVENTH AFFIRMATIVE DEFENSE**

Any harm suffered by Plaintiff was legally and proximately caused by persons, individuals, corporations or entities beyond the control or supervision of Nationwide, for whom Nationwide is not responsible or liable.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff has not suffered any injury and/or damages.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims may be barred in whole or in part by the applicable statute of limitations.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Nationwide objects to the definition of the "class" set forth in the Complaint. In the event that Plaintiff moves, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for leave

301061348v1 1004817

to maintain this lawsuit as a class action, to certify a class for purposes of adjudicating the claims in the Complaint, and/or to certify Plaintiff as class representative, Defendant reserves the right to object to any definition of the class that is proposed by Plaintiff including, but not limited to, the definitions of "class" that is set forth in the Complaint.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff fails to satisfy the requirements of Rule 23 of the Federal rules of Civil Procedure.

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendants state that additional affirmative defenses may exist as to individual putative class members in the event a class is certified, such as consent, the Voluntary Payment Doctrine, class members who filed for Chapter 7 bankruptcy, and other individual defenses not presently known. Defendants respectfully reserve the right to amend their Affirmative Defenses to address those potential defenses in the even a class is certified.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Nationwide reserves the right to assert additional, separate and alternative affirmative defenses as discovery warrants.

**WHEREFORE,** Defendant Nationwide respectfully requests that the Court enter an order and judgment of this Court in its favor and against Plaintiff as follows:

1. Dismissing all causes of action against Nationwide with prejudice and on the merits; and

2. Awarding Nationwide attorneys' fees and such other and further relief as the Court deems just and equitable.

Dated: New York, New York
       January 23, 2018

                                            **HINSHAW & CULBERTSON LLP**
                                            *Attorneys for Defendant*
                                            *Nationwide Credit & Collection, Inc.*

                                  By:   *s/Matthew B. Corwin*
                                            Matthew B. Corwin
                                            800 Third Avenue, 13th Floor
                                            New York, New York 10022
                                            Tel: (212) 471-6200

TO:   Craig B. Sanders, Esq.
       David Barshay, Esq.
       Barshay Sanders, PLLC
       100 Garden City Plaza, Suite 500
       Garden City, New York 11530